UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES – GENERAL

| | |
|---|---|
| Case No. 2:21-cv-00910-MCS-MAA | Date August 25, 2021 |
| Title  Ed Hull v. RA2 Los Angeles-Brea LP et al | |

Present: The Honorable  Mark C. Scarsi, United States District Judge

| Stephen Montes Kerr | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:** (IN CHAMBERS) ORDER GRANTING DEFAULT JUDGMENT (ECF No. 20)

Plaintiff Ed Hull ("Plaintiff") seeks an entry of default judgment against Defendant RA2 Los Angeles-Brea LP ("Defendant"). Application for Default J. ("Application"), ECF No. 20. The Court deems this matter appropriate for decision without oral argument and vacates the August 30, 2021 hearing. *See* Fed. R. Civ. P. 78(b); C.D. Cal. R. 7-15. For the following reasons, the Court **GRANTS** Plaintiff's Application.

I.  **BACKGROUND**

Plaintiff "has significant impairment in his lower body" that is "caused by advanced diabetes." Compl. ¶ 1, ECF No. 1. Plaintiff visited a Rite-Aid store located on Defendant's property ("Property") in June, November, and December of 2020 to "patronize the business." *Id.* at ¶¶ 2, 3, 13. Plaintiff "encountered barriers" at the Property that "interfered with[] and denied" Plaintiff's ability to "use and enjoy" the Property. *Id.* at ¶¶ 15–20. The Property has undergone construction and remodeling since 1992. *Id.* at ¶ 12. The Property is "open to the public." *Id.* at ¶ 11. Plaintiff intends on returning to the Property, but the barriers deter him doing so. *Id.* at ¶ 25.

Plaintiff brought claims under the Americans with Disabilities Act ("ADA") and Unruh Civil Rights Act. *Id*. at ¶¶ 31–56. The Court declined supplemental jurisdiction over the Unruh Civil Rights Act claim, leaving only the ADA claim. Order Declining Supplemental Jurisdiction, ECF No. 14. On May 13, 2021, Plaintiff filed his first Application for Default Judgment. First Application for Default J., ECF No. 17. On July 16, 2021, the Court denied the First Application for Default Judgment because Plaintiff failed to carry "its initial burden to 'plausibly show how the cost of removing the architectural barrier at issue does not exceed the benefits under the circumstances.'" Order Denying First Application for Default J. 4, ECF No. 19 (quoting *Lopez v. Catalina Channel Express, Inc.*, 974 F.3d 1030, 1034 (9th Cir. 2020)). The Court gave Plaintiff seven days to re-file his Application and address the deficiencies the Court outlined in its order. Order Denying First Application for Default J. 5. On July 23, 2021, Plaintiff filed the current Application. *See* Application. For the following reasons, the Court **GRANTS** Plaintiff's Application.

## II.     LEGAL STANDARD

Federal Rule of Civil Procedure 55(b)(2) permits the Court to enter default judgment. The Court need not make detailed findings of fact in the event of default. *Adriana Int'l Corp. v. Thoeren*, 913 F.2d 1406, 1414 (9th Cir. 1990). On entry of default, well-pleaded allegations in the complaint concerning liability are taken as true. Damages, however, must be proven. *Garamendi v. Henin*, 683 F.3d 1069, 1080 (9th Cir. 2012) (citing *Geddes v. United Fin. Grp.*, 559 F.2d 557, 560 (9th Cir. 1977)).

Courts consider several factors in determining whether to enter default judgment: "(1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action[,] (5) the possibility of a dispute concerning material facts[,] (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits." *Eitel v. McCool*, 782 F.2d 1470, 1471–72 (9th Cir. 1986).

Local Rule 55-1 requires the party seeking default judgment to submit a declaration establishing (1) when and against which party the default was entered; (2) the identification of the pleading to which default was entered; (3) whether the defaulting party is an infant or incompetent person, and if so, whether that person is represented by a general guardian, committee, conservator, or other representative; (4) that the Servicemembers Civil Relief Act does not apply; and (5) that the defaulting party was properly served with notice. C.D. Cal. R. 55-1.

## III. DISCUSSION

### A. Jurisdiction

The Court must first address whether it may exercise subject matter jurisdiction and personal jurisdiction over Defendant and whether Plaintiff properly served Defendant. *In re Tuli*, 172 F.3d 707, 712 (9th Cir. 1999).

Pursuant to 28 U.S.C. §§ 1331 and 1343, the Court has subject matter jurisdiction over Plaintiff's alleged ADA violations. *C.R. Educ. & Enf't Ctr. v. Hosp. Props. Tr.*, 867 F.3d 1093, 1098 (9th Cir. 2017). Defendant owns the Property located at 1130 N. La Brea Avenue, Los Angeles, CA 90038. Decl. of Anoush Hakimi ("Hakimi Decl.") ¶¶ 3, 4, ECF No. 20-4; Hakimi Decl. Ex. 3, ECF No. 20-8. Defendant's ownership of the Property provides the Court with personal jurisdiction over Defendant because Defendant has "minimum contacts" with California "such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Calder v. Jones*, 465 U.S. 783, 788 (1984) (internal quotation marks and citation omitted); *accord Villegas v. Wong-One, LLC*, No. CV 20-7291-RSWL-ASx, 2021 WL 2987151, at *2 (C.D. Cal. July 15, 2021).

Plaintiff filed proof of substituted service on Defendant's Agent for Service of Process ("Agent"). Proof of Service, ECF No. 12. The Proof of Service states that Plaintiff left copies with Carla Manto, a person who is "[a]uthorized to [a]ccept [s]ervice." *Id*. The Proof of Service also states Plaintiff mailed–via first-class mail, postage prepaid–copies to the Agent. *Id*. Here, service may be effective under Rule 4(h)(1)(B) because Rule 4(h)(1)(B) allows for service by "delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment." Fed. R. Civ. P. 4(h)(1)(B). However, Plaintiff did not provide additional evidence that Carla Manto could accept service. Plaintiff also mailed the summons and Complaint via first-class mail, postage prepaid, to the Agent. Proof of Service. While Plaintiff did not address the summons and Complaint to the Agent, *see* Cal. Code Civ. Proc. § 415.20(a), the Court finds that Plaintiff substantially complied with the mailing requirement by both leaving copies of the summons and Complaint with Carla Manto and mailing copies. *Jackson v. Hayakawa*, 682 F.2d 1344, 1347 (9th Cir. 1982). Service was effective.

### B. Procedural Requirements

Plaintiff has satisfied the Local Rule 55-1 requirements. *See* Hakimi Decl., ECF No. 20-4. Plaintiff requested, and the Clerk entered, an entry of default against Defendant. ECF Nos. 15, 16. The Court now addresses the substance of Plaintiff's Application.

### C. *Eitel* Factors

#### 1. The Possibility of Prejudice to the Plaintiff

The Court first considers whether Plaintiff will be prejudiced if the Court does not enter default judgment. *Eitel*, 782 F.2d at 1471. Here, Plaintiff alleges he has encountered barriers at the Property and the barriers deter him from visiting the Property in the future. Compl. ¶¶ 15–20, 25. Plaintiff cannot pursue his ADA claim because Defendant has not appeared in the case, thus prejudicing Plaintiff. The Court finds that "without an entry of default judgment Plaintiff will be prejudiced and denied the right to a judicial resolution of the claims presented." *Rutherford v. D & S Inv., LLC*, No. SA CV 20-01337-DOC-JDE, 2020 WL 8457439, at *2 (C.D. Cal. Dec. 6, 2020).

#### 2. Merits of the Claim and Sufficiency of the Complaint

The second and third *Eitel* factors require that the plaintiff "state a claim on which the [plaintiff] may recover." *Philip Morris USA, Inc. v. Castworld Prod., Inc.*, 219 F.R.D. 494, 499 (C.D. Cal. 2003) (quoting *PepsiCo, Inc. v. Cal. Sec. Cans,* 238 F. Supp. 2d 1172, 1175 (C.D. Cal. 2002)). Plaintiff's allegations in his Complaint "regarding liability are deemed true" in considering whether to grant default judgment. *See Fair Hous. of Marin v. Combs*, 285 F.3d 899, 906 (9th Cir. 2002).

The ADA states "[n]o individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C. § 12182(a). The ADA includes in its definition of discrimination "a failure to remove architectural barriers . . . in existing facilities." *Id*. § 12182(b)(2)(A)(iv). Here, Plaintiff alleges Defendant owns the Property and the Property is a place of public accommodation. Compl. ¶¶ 2, 4.

"To prevail on a Title III discrimination claim, the plaintiff must show that (1) she is disabled within the meaning of the ADA; (2) the defendant is a private entity that owns, leases, or operates a place of public accommodation; and (3) the plaintiff was denied public accommodations by the defendant because of her disability." *Molski v. M.J. Cable, Inc.*, 481 F.3d 724, 730 (9th Cir. 2007). A plaintiff alleging discrimination for failure to remove an architectural barrier must show that "removal is readily achievable." 42 U.S.C. § 12182(b)(2)(A)(iv).

First, Plaintiff has standing to pursue his ADA claim. *Whitaker v. Tesla Motors, Inc.*, 985 F.3d 1173, 1179 (9th Cir. 2021). Plaintiff alleges he has "significant impairment in his lower body," he encountered barriers at Defendant's Property, and the barriers deter him from returning to Defendant's Property. Compl. ¶¶ 1, 13, 15, 25. The Court thus analyzes the merits of Plaintiff's claim and sufficiency of the Complaint.

Plaintiff alleges he experiences "significant impairment in his lower body" that creates a "limited range of movement." Compl. ¶ 1. Plaintiff uses a cane, wears a knee brace, and has a brace on his left arm due to arthritis. Decl. of Ed Hull ¶ 4, ECF No. 20-2. A disability includes "a physical . . . impairment that substantially limits one or more major life activities," with walking constituting a major life activity. 42 U.S.C. § 12102(1)(A), (2)(A). Plaintiff is "disabled within the meaning of the ADA." *Molski*, 481 F.3d at 730. Plaintiff also alleges Defendant owns the Property and "encountered barriers" that denied him "the ability to use and enjoy" the Property. Compl. ¶¶ 6, 7, 15; *see also Molski*, 481 F.3d at 730.

Further, Plaintiff has provided evidence that the removal of the barriers is readily achievable. Application 17–19. The ADA lists the following factors to be used in determining whether removing barriers is "readily achievable:"

  a. the nature and cost of the action needed[];

  b. the overall financial resources of the facility or facilities involved in the action; the number of persons employed at such facility; the effect on expenses and resources, or the impact otherwise of such action upon the operation of the facility;

  c. the overall financial resources of the covered entity; the overall size of the business of a covered entity with respect to the number of its employees; the number, type, and location of its facilities; and

    d. the type of operation or operations of the covered entity, including the composition, structure, and functions of the workforce of such entity; the geographic separateness, administrative or fiscal relationship of the facility or facilities in question to the covered entity.

42 U.S.C. § 12181(9)(A)–(D). Plaintiff does not have to "address in detail each of the four factors to meet" his "initial burden" to plausibly explain "why it is readily achievable to remove an architectural barrier." *Lopez v. Catalina Channel Express, Inc.*, 974 F.3d 1030, 1038 (9th Cir. 2020). Here, Plaintiff has submitted a declaration from John Battista, the owner of ADA Compliance Masters, Inc. Decl. of John Battista ("Battista Decl.") ¶ 2, ECF No. 20-3. Battista "conducted an accessibility survey of the parking lot and route(s) of travel" at the Property and produced a Site Accessibility Evaluation. *Id.* at ¶¶ 8, 10, Ex. 2, ECF No. 20-7. The Site Accessibility Evaluation provides recommendations for removing the barriers at Defendant's Property and Battista's declaration provides cost estimates for removing the barriers. *See generally*, Battista Decl. ¶¶ 11–29, Ex. 1. Plaintiff has met his "initial burden of plausibly explaining why it is readily achievable to remove" the barriers. *Lopez*, 974 F.3d at 1038.

Based on the above, Plaintiff has alleged a cause of action under the ADA and this factor weighs in favor of default judgment.

    3. <u>Sum of Money at Stake</u>

The Court must balance "the amount of money at stake in relation to the seriousness of Defendant's conduct." *PepsiCo*, 238 F. Supp. 2d at 1176. "Default judgment is disfavored where the sum of money at stake is too large or unreasonable in relation to defendant's conduct." *Vogel v. Rite Aid Corp.*, 992 F. Supp. 2d 998, 1012 (C.D. Cal. 2014) (citation omitted). Plaintiff only seeks injunctive relief.[1] Application 9. This factor weighs in favor of default judgment.

    4. <u>Possibility of Dispute Concerning Material Facts</u>

The fifth *Eitel* factor examines whether there is a likelihood of a dispute of material facts. *Eitel,* 782 F.2d at 1472. When deciding whether to grant default

---

[1] Plaintiff indicates he will file a separate motion for attorney's fees and costs after the Court enters default judgment. Mot. 21.

judgment, the Court accepts all well-pleaded facts as true. *Televideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917–18 (9th Cir. 1987). As such, when a plaintiff pleads the facts necessary to prevail on his or her claims, there is little possibility of dispute over material facts. *Castworld,* 219 F.R.D. at 498. Here, Plaintiff filed a well-pleaded Complaint and Defendant did not dispute any of the allegations in Plaintiff's Complaint. This factor weighs in favor of default judgment.

### 5. Whether Default was Due to Excusable Neglect

The sixth *Eitel* factor considers whether the defendant's actions may be due to excusable neglect. *Eitel,* 782 F.2d at 1472. There is little possibility of excusable neglect when the plaintiff properly serves the defendant and the defendant is aware of the litigation. *Wecosign, Inc., v. IFG Holdings, Inc.,* 845 F. Supp. 2d 1072, 1082 (C.D. Cal. 2012). As stated above, Plaintiff substantially complied with the service requirements. Plaintiff also alleges that he served the first application for default judgment on Defendant. *See* Notice of Mot. While Plaintiff could have provided the Court with information about the steps he took to serve Defendant, the Court still finds that Plaintiff's substantial compliance and service of the first application for default judgment inhibits Defendant from arguing its failure to appear was due to excusable neglect. *Adobe Sys. Inc. v. Kern*, No. C 09-1076 CW (JL), 2009 WL 5218005, at *6 (N.D. Cal. Nov. 24, 2009) ("Defendant's voluntary decision to allow default to be entered contradicts any argument for excusable neglect.") This factor weighs in favor of default judgment.

### 6. Policy Favoring Decisions on the Merits

"Cases should be decided upon their merits whenever reasonably possible." *Eitel*, 782 F.2d at 1472. The mere enactment of Rule 55(b) indicates, however, that "this preference, standing alone, is not dispositive." *PepsiCo, Inc.*, 238 F. Supp. 2d at 1177 ("Defendant's failure to answer Plaintiffs' Complaint makes a decision on the merits impractical, if not impossible.") Because Defendant has failed to respond to Plaintiffs' complaint or offer any defense in this matter, the policy of favoring decisions on the merits does not preclude the Court from entering default judgment. *See id*. (finding that the Court could enter default judgment even though the defendant did not answer the plaintiffs' complaint).

The Court finds that the *Eitel* factors weigh in favor of default judgment and the Court **GRANTS** Plaintiff's Application.

### D. Remedies

Plaintiff seeks injunctive relief for his ADA claim. The ADA allows injunctive relief "to alter facilities to make" them "readily accessible to and usable by individuals with disabilities." 42 U.S.C. § 12188(a)(2). The Court grants injunctive relief here because Plaintiff alleged an ADA claim and made a plausible showing that removal of the barriers is readily achievable. *D & S Inv., LLC*, 2020 WL 8457439, at *5; *accord Davidson v. Empire Bros., Inc.*, No. SACV 20-1405 PA (MRWx), 2021 WL 3468952, at *2 (C.D. Cal. Apr. 29, 2021).

## IV. CONCLUSION

For the foregoing reasons, the Court **GRANTS** Plaintiff's Application. The Court will issue a judgment consistent with this Order.

**IT IS SO ORDERED.**